UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
DURHAM DIVISION

IN THE MATTER OF:                 )        Case No:  B-1082175 C-13D
**ROBIN B. WALKER,**              )
                                  )
          Debtor(s)               )
_____ )


OBJECTION BY STANDING TRUSTEE TO CONFIRMATION OF PLAN


NOW COMES Richard M. Hutson, II, Standing Trustee ("Trustee") and respectfully objects to confirmation of the Debtor's plan pursuant to 11 U.S.C. §1325(b) and shows unto the Court the following:

1. The Debtor filed a petition under Title 11 of the United States Code, Chapter 13, on November 30, 2010, in the United States Bankruptcy Court for the Middle District of North Carolina.

2. On November 30, 2010, Richard M. Hutson, II, was appointed as Trustee.

3. This Court has proper and personal jurisdiction of the subject matter hereof and over the parties pursuant to 28 U.S.C. §§151, 157 and 1334, and the Standing Order entered by the United States District Court for the Middle District of North Carolina and this is a core proceeding within 28 U.S.C. §157(b).

4. The plan filed by the Debtor proposes monthly payments of $2,904.00 for a period of 60 months. No return is proposed to unsecured creditors. There is unsecured debt listed in Schedule "F" of approximately $33,868.00.

5. The Debtor has filed with the petition a Statement of Current Monthly Income and Calculation of Commitment Period and Disposable Income, known as Official Form B22C ("Form B22C"). The Debtor lists current monthly income ("CMI") in Form B22C of approximately $7,754.22.

6. The applicable commitment period in this case is sixty months. 11 U.S.C. §1325(b)(4).

7. The Trustee objects to confirmation of the Debtor's plan in that the Debtor is not devoting all of her projected disposable income to fund the plan pursuant to 11 U.S.C. §1325(b). The Debtor owns three automobiles, two of which are unencumbered by liens. On lines 28 and 29 of Form B22C, the Debtor takes two vehicle ownership expenses in the total amount of $992.00. On January 11, 2011,

1

the United States Supreme Court, in <u>Ransom v. FIA Card Services</u>, 2011 WL 66438, held that, when determining disposable income in a Chapter 13 case, a debtor may not claim a vehicle ownership deduction unless the debtor makes loan or lease payments on the vehicle. The Debtor in this case has claimed a total of $992.00 in vehicle ownership deductions that are not permissible in light of the Court's decision in <u>Ransom</u>. The Debtor would be permitted to take an ownership deduction for the encumbered vehicle, a 2007 Honda. The amount of that deduction on line 28 should be $190.26, which is the amount of the allowed expense of $496.00 per month less the amount of the monthly car payment. After all appropriate adjustments are made to lines 28 and 29 of Form B22C, the Debtor is left with approximately $426.92 of disposable monthly income that must be devoted to general unsecured creditors.

WHEREFORE, the Trustee prays the Court for an Order as follows:

1. That the Debtor's plan not be confirmed in that the plan does not comply with the provisions of the Bankruptcy Code, specifically 11 U.S.C. §1325(b), and the case be dismissed for cause pursuant to 11 U.S.C. §1307;

2. Alternatively, that the Debtor's plan be modified to provide for payment of $25,615.00 to general unsecured claims; or

3. For such other and further relief as the Court may deem just or proper.

This the 24th day of January, 2011.

s/Benjamin E. Lovell
Benjamin E. Lovell
Attorney for the Trustee
State Bar No: 23266
P.O. Box 3613
Durham, N.C. 27702
Telephone: (919) 688-8065

## CERTIFICATE OF SERVICE

This is to certify that I have this day served a copy of the foregoing document upon John T. Orcutt, Esq., 6616-203 Six Forks Rd., Raleigh, NC 27615, Robin B. Walker, 8 Montcrest Dr., Durham, NC 27713, and Michael D. West, Esq., U.S. Bankruptcy Administrator, PO Box 1828, Greensboro, NC 27402 by depositing a copy of same in the United States Mail, postage prepaid, and in the manner prescribed by Rule 5 of the Federal Rules of Civil Procedure.

This 24th day of January 2011.

                                                                s/Benjamin E. Lovell
                                                                Benjamin E. Lovell, Esq.
                                                                Attorney for the Standing Trustee